## Swank *v.* Nichols' Administrator.

CONDITION—WAIVER OF.—Where money is stipulated to be paid upon a condition expressed, and, subsequently, a promissory note is given for the amount, payable without condition, the condition must, in the absence of fraud, be regarded as waived.

INSTRUCTIONS.—Instructions based on a hypothetical case, where there is no evidence tending to make the case supposed, are out of place, and ought not to be given, as they are only calculated to mislead the jury.

PROMISSORY NOTE.—VERBAL CONDITION.—A verbal condition cannot be annexed to a promissory note, or other written contract. A verbal contract may constitute the consideration of a written contract, but a note for a given amount cannot be trammeled with a verbal condition, which shall make it obligatory for a less sum.

APPEAL from the *Owen* Common Pleas.

FRAZER, J.—This case is now here the second time. Upon the last trial, the court below seems to have disregarded the law, as declared by this court when the case was formerly before it. 20 Ind. 198.

The foundation of the action was, at first, two promissory notes, given by the intestate to the appellant. After the cause was remanded by this court for a new trial, a paragraph was added upon a *quantum meruit*, for services rendered as a physician. New pleadings were then filed by the defendant: 1. The general denial. 2. As to the notes,

that when they were given the intestate was insane, with some additional averments, which amount to nothing. 3. The same, in substance, as the second. 4. Fraud in procuring the notes, in this, that the plaintiff was treating the intestate for a cancer, and falsely and fraudulently pretended that he was curing it, relying upon which, the intestate was induced to execute the notes, and for no other consideration; that the plaintiff's representations were false; that the cancer was, in fact, growing worse, and the intestate afterward died of it. 5. Want of consideration for the notes. 6. As to the paragraph for services, that they were performed upon an express contract to cure, or receive nothing for the services. The reply was a general denial.

There was a verdict for the defendant.

The evidence disclosed that, in the first place, the plaintiff entered upon the treatment of the intestate for a cancer, in the month of *June*, under a contract to be paid $200 if he effected a cure; if no cure was effected, then he was to receive $100, he guaranteeing to do "$100 worth of good." It also appeared that the deceased, during treatment, refused to pursue the plaintiff's proper directions as to diet and exercise, whereupon the plaintiff, in *September*, informed him that treatment was useless, unless the directions were obeyed, and refused to treat him further, unless he would give his note for $200, which was done without conditions, the deceased being advised that he would be compelled to pay it. The medicines used were local applications, rendering him temporarily unfit for business, in consequence of the pain produced. Whether the treatment actually resulted in any benefit, or not, is not certain from the evidence. The deceased thought he was benefitted to the value of $100. The services of the plaintiff were worth $100. The note for $25 was for a surgical operation performed by another physician, on the face of the deceased, the cancer being on the under lip.

The court refused to instruct the jury that, if the contract was made in *June*, and if the note for $200 was

given in *September*, the giving of the note would, in the absence of fraud, be a waiver of the conditions of the original contract. The court held in this case, when it was formerly here, that this instruction ought to have been given. The legal proposition is a very plain one, and was exactly applicable to the evidence upon the last trial. It is surprising that it was refused.

The court instructed the jury, that "if the original contract was continued in force, qualified only by an increase of the amount to be paid, then the plaintiff must show that he has performed his undertaking in that behalf; and if the jury should believe that one of the stipulations of the original contract was that *Swank* should have only $100, and that the doctor was to render the deceased that much good, and that that stipulation was continued in force at the time that the notes sued on were given, and, further, that the doctor did, in fact, do said deceased $100 worth of good, then the plaintiff ought to recover $100, and no more, on the $200 note. But, if the plaintiff did not do the deceased $100 worth of good, then the plaintiff will not be entitled to recover anything on said note." This ought not to have been given, for the reason that there was no evidence, in this case, to which it could be applicable. Instructions based on a hypothetical case, when there is no evidence tending to make the case supposed, are simply out of place, and ought never to be given. They can only mislead the jury. But this did not contain the law. A verbal condition cannot be annexed to a promissory note, or other written contract. A verbal contract may constitute the consideration of a written contract, but a promissory note for $200 cannot be trammeled with verbal conditions, which shall make it obligatory for a less sum. The evidence of the conditions would be inadmissible. In this case, no such evidence was even offered. The proof was distinct, that, in consequence of a refusal on the part of the patient to obey directions, the physician refused longer to attend, unless a note for $200 was executed to him. No

conditions were exacted. The note was given uncondi-
tionally, with the understanding that it must be paid. The
patient was further advised by the physician, that treatment,
without obedience on his part to the directions concerning
food, &c., would be unavailing.

There were other instructions given, equally objectionable
on account of their want of application to the evidence,
but it is unnecessary to notice them in detail.

The verdict, too, was not at all justified by the evidence.

The judgment is reversed, with costs, and the cause
remanded for a new trial.

*W. Franklin,* for appellant.

*S. H. Buskirk, R. T. Rose* and *McDonald & Roache,* for
appellee.