Baughan *et al. v.* Baughan.

it are described by sections, townships and ranges. *Smith* v. *Clifford,* 99 Ind. 113.

The judgment is affirmed, with costs.

Filed Dec. 29, 1887.

———————◆———————

114   73
114  192
122  116

114   73
133  163

114   73
160  521

No. 13,902.

## BAUGHAN ET AL. *v.* BAUGHAN.

VERDICT.—*Jury.*— *Return of Two Verdicts.*— *Venire De Novo.*—Where two verdicts are returned by a jury, one for the plaintiff for the amount of his demand, and the other for the defendant on a set-off and counter-claim, the jury should be sent back, with instructions to return a single verdict on all the issues; but where this is not done, and judgment is rendered for an amount arrived at by deducting the amount found for the defendant from that found for the plaintiff, it is error, and a *venire de novo* should be awarded.

From the Delaware Circuit Court.

*T. B. Redding, R. S. Gregory* and *A. C. Silverburg,* for appellants.

*J. Brown, W. A. Brown* and *G. H. Koons,* for appellee.

Howk, J.—In this case appellee, John Baughan, as plaintiff, sued the appellants, William and James Baughan, as defendants.   In his complaint plaintiff declared upon a written agreement, executed by himself and defendants, of which the following, omitting the signatures, is a copy: "An article of agreement, made and entered into between John Baughan, Sr., and William Baughan.  The said John Baughan agrees to give to the said William Baughan five hundred dollars and his household goods; and for and in consideration of said

amounts, the said William Baughan agrees to take care of, maintain and support the said John Baughan his lifetime in a good and careful manner, and, after his death, the said William is to decently bury him and pay all expenses. If said John dies seized of any other property, said William is to have it all, including property and moneys. Said William is to give James Baughan as surety on the above contract. Dated this 7th day of June, 1882."

Plaintiff alleged in his complaint that he had in all respects performed his part of said agreement, and had demanded that the defendant should take care of, maintain and support him, plaintiff; but that defendant William Baughan had failed and refused, since August 1st, 1885, to maintain, support and take care of the plaintiff; that, by reason of the premises, a cause of action had accrued to plaintiff, and he was damaged in the sum of $1,000, and it was and would be reasonably worth that sum of money to keep, maintain and take care of plaintiff. Wherefore, etc.

Defendants answered in five paragraphs, of which the first was a general denial of the complaint, the second and fifth were pleas of set-off, the third stated a special defence, and the fourth paragraph was a counter-claim, wherein defendants demanded judgment for their damages in the sum of $1,000.

Plaintiff replied by a general denial of the affirmative paragraphs of answer. The issues joined were tried by a jury, who returned into court two general verdicts, each signed by their foreman, of the tenor following, to wit : (1) " We, the jury, find for the plaintiff and assess his damages in the sum of eight hundred dollars." (2) "We, the jury, find for the defendants on the counter-claim and set-off, and assess the damages in the sum of three hundred dollars."

Over defendants' motions for a *venire de novo* and for a new trial, the court rendered judgment that plaintiff recover of the defendants the sum of five hundred dollars, together with his costs, taxed at $——, etc.

The first error of which complaint is here made in argument by defendants' learned counsel, is the overruling of the motion for a *venire de novo*.

We are of opinion that this error is well assigned, and that on account of such error the judgment of the trial court can not stand, but must be reversed. The rule is almost elementary which requires that the judgment must follow the verdict. In apparent recognition of this rule the plaintiff moved for a judgment on the verdict in the sum of $500, and the court sustained the motion. The verdict for $500, although that may have been, and, perhaps, was, the sum at which the jury intended to assess plaintiff's damages, was not the verdict of the jury, but that of the court. It is easy enough to see by what process the court arrived at the amount of its verdict. We know of no law or rule of practice which authorized the court to do what it manifestly did, in order to arrive at the sum for which judgment was rendered.

If the court thought, when the two verdicts were returned, that they would have to be corrected by deducting one of them from the other so as to make but one verdict, whereon judgment might be rendered, the court ought not to have discharged the jury, but they should have been sent back to their room under proper instructions to return a single verdict on all the issues in the cause. This not having been done at the proper time, we are of opinion that, as judgment could not be rendered on the two verdicts returned by the jury, the court clearly erred in overruling defendants' motion for a *venire de novo*. We have often held that, where the verdict of the jury is imperfect, uncertain or incomplete, a motion for a *venire de novo* must be sustained. *Bosseker* v. *Cramer*, 18 Ind. 44; *Jenkins* v. *Parkhill*, 25 Ind. 473; *Ridenour* v. *Miller*, 83 Ind. 208; *Carver* v. *Carver*, 83 Ind. 368; *Bunnell* v. *Bunnell*, 93 Ind. 595; *Pittsburgh, etc., R. W. Co.* v. *Hixon*, 110 Ind. 225.

Our civil code provides that in all actions the jury may, in their discretion, unless otherwise directed by the court,

return either a general or special verdict. Section 546, R. S. 1881. But the jury are not authorized, by any provision of the code, to return two general verdicts or two special verdicts in the same action. In the case in hand, the court ought, we think, to have set aside the two verdicts returned by the jury, and to have awarded a *venire de novo.*

This conclusion renders it unnecessary for us to consider now any other error of which defendants complain in their briefs of this cause.

The judgment is reversed, with costs, and the cause is remanded with instructions to sustain the motion for a *venire de novo.*

NOTE.—The death of the plaintiff, since the submission of this cause, having been suggested, the clerk will enter this judgment as of the May term, 1887, of this court.

Filed Feb. 15, 1888.

## ON PETITION FOR A REHEARING.

ELLIOTT, J.—We adhere to our opinion that the verdict in this case is not such as a judgment can be pronounced upon, and that the motion for a *venire de novo* should have been sustained.

It is not possible on the face of the verdict to determine what the judgment shall be, for it can not be ascertained whether the jury intended to award a recovery to the plaintiff or to the defendant. If the defendant was entitled to three hundred dollars, as the jury find, on his counter-claim, then, of course, the plaintiff could not recover; if, on the other hand, the plaintiff was entitled to recover eight hundred dollars—and so the jury find—the defendant could not recover anything on his counter-claim. In this state of conflict in the finding of the jury, the only thing for the trial court to do, after receiving the verdict, was to award a *venire de novo.* Doubtless that court might properly have ordered a correction of the verdict before the discharge of

the jury, but after their discharge this, of course, could not be done.

Petition overruled.

Filed May 19, 1888.