## National Cash Register Company *v.* Price.

[No. 6,010.   Filed February 20, 1908.]

1. PLEADING.—*Complaint. — Sales. — Liquidated   Damages. — Contracts.*—A complaint alleging that a partnership firm contracted to purchase from plaintiff a cash register and, failing to accept same when delivered, were to pay to plaintiff, as liquidated damages for breach of contract, and not as penalty, the sum of $440. and that said firm did, without right, refuse to accept such register on delivery, states a cause of action.   p. 275.
2. APPEAL.—*Complaint.—Paragraphs.—Sustaining   Demurrer   to One.—Facts Provable Under Another.*—It is not reversible error to sustain a demurrer to a paragraph of complaint whose facts are provable under another paragraph.   p. 276.
3. PLEADING.—*Answer.—Sales.—Rescission.*—An answer showing that defendant returned to plaintiff on a certain day a cash register contracted for from plaintiff; that such register was received and accepted by the plaintiff in rescission of such contract, and that plaintiff has ever since retained same, sufficiently shows a rescission of such contract.   p. 276.
4. TRIAL.—*Venire de Novo.—Defective Verdict.—Sales.—Contracts. —Damages.*—In an action for liquidated damages for breach of a contract for the sale of a cash register, a verdict in form:   "We the jury find for the defendant said defendant paying forty ($40) to plaintiff and plaintiff retaining the cash register," is fatally defective on a motion for a *venire de novo.*   p. 277.

From Howard Superior Court; *B. F. Harness,* Judge.

Action by the National Cash Register Company against Leonidas K. Price, as surviving partner of the firm of Price

& Company. From a judgment for defendant, plaintiff appeals. *Reversed.*

*George C. Wharton* and *Blacklidge, Shirley & Wolf,* for appellant.

*Joseph L. Custer* and *Orlo L. Cline,* for appellee.

COMSTOCK, J.—This action was brought to recover for the price of a cash register sold to the firm of Price & Company, a partnership composed of Leonidas K. Price and Isaiah W. Price, of which partnership the appellee, Leonidas K. Price, is sole surviving partner. The cause was put at issue, tried by a jury, and the following verdict rendered:

"We the jury find for the defendant said defendant paying forty ($40) to plaintiff and plaintiff retaining the cash register.

J. L. Smith foreman."

Said verdict is, as shown by the record, without punctuation. Plaintiff's motions for *venire de novo* and a new trial were overruled, and judgment rendered that the plaintiff take nothing by this action, and that the defendant recover of the plaintiff his costs and charges in this behalf laid out and expended.

The first specification of error discussed is the action of the court in sustaining appellee's demurrer for want of facts to the third paragraph of the complaint. Said paragraph, in substance, alleged that defendant (appellee) and decedent, on December 5, 1902, and prior to that date, were partners, under the firm name and style of Price & Company; that on said date the plaintiff and said partners entered into a written contract and agreement, by the terms of which plaintiff sold to said partners a certain No. 92-8 total adding register, case A., denomination of keys to be standard, at and for the sum of $440 f. o. b. cars, Dayton, Ohio, and for which said partners agreed to pay the sum of $440, as follows: $50 cash on

delivery, balance $30 per month, said register to be used in their hardware business; that by the further terms of their agreement it was provided that, in the event of the refusal of said partners to accept said cash register when tendered, the sum of $440 should at once become due and payable as liquidated damages and not as a penalty. A copy of said contract and agreement was filed with and made a part of this paragraph. It was further alleged that the plaintiff under said contract delivered said cash register and tendered the same to said partners, who, without right, refused and still refuse to accept the same, and refused and still refuse to pay said sum of $440, which sum is due and wholly unpaid. We think that the paragraph was sufficient; but the ruling, if erroneous, was not reversible error, because the facts stated therein could have been proved under the fourth paragraph of the complaint, a demurrer to which was overruled, and which, like the third, sought to recover upon the contract alleged to have been made between the plaintiff and said partners, on or about December 5, 1902, consisting of a certain order given by said partners to the plaintiff for a cash register and the acceptance of such order by the plaintiff. The first paragraph seeks to recover the sum of $440 for a cash register sold to said partners December 5, 1902.

Demurrers for want of facts were overruled to the second and third paragraphs of answer, each addressed to the first and fourth paragraphs of complaint, and exceptions taken to said rulings. Besides other averments, each of said paragraphs allege that on February 27, 1903, such partners returned said register to the plaintiff in rescission of said contract, and said register was received and accepted by the plaintiff on March 5, 1903, and has been ever since said date retained by the plaintiff. Said answers are sufficient as pleading a rescission.

After reading the verdict, a copy of which is hereinbefore set out, and before the same was received, plaintiff ob-

jected to its being received, and ''moved to require
4. the jury to retire and further deliberate on its ver-
dict for the reason that said verdict is uncertain,''
etc. Which motion and objection the court overruled.
Thereafter the plaintiff duly filed its motion for a *venire de
novo,* based upon the following, among other facts, to wit:
That the verdict does not assess plaintiff's damages; that
it is double, in that it finds for both plaintiff and defend-
ant; that it is defective and uncertain, in that it does not
find for either the plaintiff or defendant upon the issues
joined in the cause. Said motion was overruled, and this
ruling made an independent specification of error. Plain-
tiff also filed its motion for a new trial. Among the reasons
set out in the motion are the following, viz: That the court
erred in receiving the verdict of the jury as returned, be-
cause the same was uncertain and defective, and failed to
find upon any issue in the case; that the court erred in over-
ruling plaintiff's motion to require the jury to return to
the jury room and further deliberate on the verdict. The
judgment should follow the verdict. *Bughan* v. *Bughan*
(1887), 114 Ind. 73, and cases cited. Manifestly the ver-
dict found for both the plaintiff and defendant. It could
not, therefore, sustain the judgment. The intent of the
jury is evident. It was, that the finding was for the de-
fendant upon the condition that defendant pay the plaintiff
$40, and plaintiff retain the register. It must be read as
the jury intended it. The finding of $40 to be paid to
plaintiff was a part of the verdict, although united with
the finding for defendant. It cannot be properly character-
ized as surplusage. This part of the verdict the court ig-
nored. The plaintiff sought to recover the purchase price
of the register. No question of title was presented. The
defendant denied the liability because of fraud in the pur-
chase, rescission following that fraud, and because of
breach of an implied warranty and a rescission following
that breach. This was the case presented. The jury fixed

the terms of a compromise. This they could not do. Other alleged errors need not be discussed. For error of the court in overruling plaintiff's motion for a *venire de novo,* the judgment is reversed, and the cause remanded to the trial court for further proceedings not inconsistent with this opinion.