BEISER ET. AL. *v.* KERR

[No. 15,997. Filed May 2, 1939. Rehearing denied June 13, 1939.
Transfer denied October 4, 1939.]

*Noel, Hickam, Boyd & Armstrong, Christian, Waltz,* and *R. Niven Stall,* for appellants.

*Russell I. Richardson,* and *Neal, Williams & Ullum,* for appellee.

LAYMON, J.—This is an action by appellee to recover from appellants the sum of $2,250, with interest, as liquidated damages for the alleged breach of a written contract entered into by appellants and appellee in the sale to appellee of an orange juice stand and restaurant situated at 29 East Market Street, in the city of Indianapolis, Indiana.

The complaint alleged that the restaurant, including fixtures, etc., was sold by appellants to appellee for the purchase price of $2,240, upon certain terms which were afterwards complied with; that the contract of sale was in writing and contained the following provision:

"7. The vendors hereby agree, in consideration of the initial payment aforesaid and the execution of said chattel mortgage, and do here-

by covenant with the said purchaser, that they
will not either individually or as part owners in
any firm, partnership or corporation, engage in
any business similar to the business enterprise
which is the subject of this agreement of sale,
within a distance of five (5) blocks of said 29
East Market Street, Indianapolis, Indiana, with-
in a space of five (5) years from date hereof. It
is expressly understood and agreed that should
said vendors so engage in a similar business
competitive to said business establishment now
being sold, that the said vendors shall pay to
said purchaser herein the sum of $2250.00 as
liquidated damages for the breach of this cove-
nant.''

The complaint further alleged that appellants
breached said agreement by conducting a similar and
competitive business at 444 Massachusetts Avenue
in the city of Indianapolis, within 8 months after the
execution of said contract and within a distance of
less than 5 blocks from the restaurant purchased by
appellee at 29 East Market Street. Appellants an-
swered this complaint in general denial. There was
a trial by jury, resulting in a verdict for appellee in
the sum of $2,250, with interest, upon which the court
rendered judgment accordingly. In due time appel-
lants separately and severally moved the court for a
new trial upon the grounds that the verdict is not sus-
tained by sufficient evidence; that the verdict is con-
trary to law; that the assessment of the amount of
recovery is erroneous, being too large; and that the
court erred in the giving and refusal of certain in-
structions. This motion was overruled and excepted
to and this appeal prayed and perfected.

Appellants contend that the sum of $2,250, desig-
nated in the provision of the contract as liquidated
damages, should be treated as a penalty, and not as
liquidated damages, and as such is not enforceable

and that recovery under this provision of the contract must necessarily be limited to the actual damages suffered; that since appellee introduced no evidence showing that she had suffered any damage or loss by reason of a breach, appellee should not be permitted to recover.

Appellants urge that the sum specified in the contract as liquidated damages should be treated and considered by the court as a penalty for the reasons: (1) It is for a sum greater than the total consideration of the contract; (2) The provision bears no relation to possible damages to be sustained by reason of the breach; and (3) It is for a sum absolutely fixed, whether the breach be trivial or not—whether it be committed soon or just one day before the end of the 5 years.

It is appellee's contention that the amount specified in the contract is to be considered as liquidated damages. The trial court adopted this theory and instructed the jury accordingly.

Counsel for appellants and appellee have, in their briefs and in oral argument, conceded that it was incumbent upon the trial court, and not the jury, to determine whether the sum referred to in the contract was to be treated as liquidated damages or as a penalty; that, if liquidated damages, appellee was entitled, upon proof of the breach of said contract, to the full amount of said sum, together with interest, without proof of any actual damages or loss; that, if a penalty, appellee could only recover, upon proof of the breach of said contract, the actual damages or loss suffered and proved.

As oftentimes stated, the courts have found difficulty in drawing the line distinctly between penalties and liquidated damages. Some of the rules for determining whether a sum shall be considered a penalty

or liquidated damages, however, have been well settled, while others have been the subject of doubt and questioned by the courts as to their soundness.

In the instant case we must give full force and effect to those rules upon which there seems to be no conflict of authority, particularly of the courts of this state, to aid us in determining whether the amount should be treated as liquidated damages or as a penalty.

This court, speaking through Judge McMahan, in the case of *Tudor* v. *Beath* (1921), 76 Ind. App. 526, 131 N. E. 848, after reviewing a number of authorities upon the question as to whether a designated sum in a contract was to be treated as liquidated damages or as a penalty, quoted with approval Pomeroy, Equity Jurisprudence (2d ed.) §§441-444, who, in discussing the subject of penalties and forfeitures, says the following are the rules which have been established by judicial authority: *"First.* Whenever the payment of a smaller sum is secured by a larger, the larger sum thus contracted for can never be treated as liquidated damages, but must always be considered as a penalty. *Second.* Where an agreement is for the performance or non-performance of only one act, and there is no adequate means of ascertaining the precise damage which may result from a violation, the parties may, if they please, by a separate clause of the contract, fix upon the amount of compensation payable by the defaulting party in case of a breach; and a stipulation inserted for such purpose will be treated as one for 'liquidated damages,' unless the intent be clear that it was designated to be only a penalty. *Third.* Where an agreement contains provisions for the performance or non-performance of several acts of different degrees of importance, and then a certain sum is stipulated to be paid upon

the violation of any or all such provisions, and the sum will be in some instances too large and in others too small a compensation for the injury thereby occasioned, that sum is to be treated as a penalty, and not as liquidated damages. This rule has been laid down in a somewhat different form, as follows: ''Where the agreement contains provisions for the performance or non-performance of acts which are not measurable by any exact pecuniary standard, and also of one or more other acts in respect of which the damages are easily ascertainable by a jury, and a certain sum is stipulated to be paid upon a violation of any or of all these provisions, such sum must be taken to be a penalty. *Fourth.* Whether an agreement provides for the performance or non-performance of one single act, or of several distinct and separate acts, if the stipulation to pay a certain sum of money upon a default is so framed, is of such a nature and effect that it necessarily renders the defaulting party liable in the same amount at all events, both when his failure to perform is complete, and when it is only partial, the sum must be regarded as a penalty, and not as liquidated damages. This rule plainly rests upon the same grounds as the third, and may be considered a particular application thereof.''

It is true, as contended, that in determining whether the sum shall be treated as liquidated damages or as a penalty, the court will not be entirely guided by the words or terms used by the parties in referring to said sum. Formerly the courts gave more weight to the language of the clause designating the sum as a penalty or liquidated damages, while the modern trend of the courts is to attach greater import to the meaning or intention of the parties. This latter rule, however, is by no means the all-controlling standard to be guided by,

for the circumstances may be such that equity demands a different result. In this connection it must be remembered that the contract under consideration was one the parties had a right to make, and the designation of the sum by them as liquidated damages is evidence that it was so intended.

In contending that the specified sum exceeds the total consideration of the contract, appellants evidently have in mind the rule that where the payment of a smaller sum is secured by a larger sum, the larger sum will be treated as a penalty rather than as liquidated damages. This rule has no application to the provision of the contract here involved; for the sum specified as liquidated damages in said provision was not intended as, nor did the contract provide that it was to be, security for the payment of the purchase price of the restaurant, or security for any sum, but was, by the express provision of the contract, the sum fixed as the amount of damages to be paid to appellee should appellants, within a period of five years, engage in a similar business within the restricted area.

We recognize the rule that where the sums ought to be fixed as liquidated damages is grossly disproportionate to the loss which may result from the breach or is unconscionably in excess of the loss sought to be averted, the courts will treat the sum as a penalty rather than as liquidated damages.

The correct rule, we believe, was stated by the Supreme Court in the case of *Mondamin, etc., Dairy Co.* v. *Brudi* (1904), 163 Ind. 642, 72 N.E. 643. The court, at page 650, said: "In the interpretation of contracts . . . wherein the parties by agreement have fixed the damages which may arise in the future by reason of a breach thereof, and the sum or rate so declared or fixed is not disproportioned to the

loss which may result from such breach, and the damages cannot be ascertained or measured by any exact pecuniary standard, then the sum or rate stipulated or fixed in the contract will be deemed as having been intended by the parties as liquidated damages.''

It is impossible to lay down any definite rule as to what may or may not be extravagant or unconscionable to insist upon, for each case must in great measure depend on its own particular facts and circumstances. Generally speaking, in determining the reasonableness of the amount, the court will take into consideration the relation of the parties, their situation, the absence or presence of fraud or oppression, and the purpose the agreement seeks to subserve. It is not necessary to inquire whether it is wise or considerate, but whether it is in conflict with the principles and practices which govern transactions of a like nature. It is sufficient if the sum named appears to bear some reasonable proportion to the damage contemplated.

The certainty or uncertainty of the actual damages which a breach of contract will occasion and the ease or difficulty of ascertaining or proving them are important matters to be considered in the determination of whether the sum named is liquidated damages or a penalty. It may be said that if the actual damages are uncertain or difficult to ascertain or prove or are of a purely speculative character and the contract furnishes no data for their ascertainment, the provision will, as a general rule, be held to be one for liquidated damages, at least if the sum contracted to be paid does not appear to be unreasonable in amount.

In the instant case we have discovered no fact, nor

has any been called to our attention, which would justify a conclusion that the amount fixed by the parties was grossly disproportionate to the loss sought by them to be averted; nor can we perceive any reason which would justify a conclusion that the amount is unconscionable and unreasonable and disproportionate to the actual damages which might possibly be sustained.

Appellants urge that "it is for a sum absolutely fixed whether the breach be trivial or not—whether it be committed soon or just one day before the end of the five years." This is but to argue how much damages would actually flow from a breach of the contract. It is true that the loss may be great or small, but we have no way of ascertaining the amount without entering the realm of pure speculation, and, as we have heretofore said, it is the element of uncertainty in the ascertainment of the amount of damages which gives rise to characterizing the amount as liquidated damages.

Appellants have cited the case of *Radloff* v. *Haase* (1902), 196 Ill. 365, 63 N. E. 729, which tends strongly to sustain the view that the sum in question should be considered a penalty rather than liquidated damages. We think this case is distinguishable from the case at bar. There the court refused to enforce the provision of the contract providing for liquidated damages because it was shown as a matter of evidence, under the rule that such evidence was admissible, that the obligee was in no way injured by the action of the obligor.

Where a stipulated sum has been inserted in a contract for a breach of an agreement to sell, the weight of authority seems to hold such sum to be liquidated damages, upon the theory that the damages sustained in almost all cases are uncertain and

difficult to estimate. *Merica* v. *Burget* (1905), 36 Ind. App. 453, 75 N. E. 1083.

As was stated by this court in the case of *Lettellier* v. *Abilene Flour Mills Co.* (1935), 101 Ind. App. 20, 26, 27, 198 N. E. 111:

"The courts formerly seemed quite strong in their views and would seldom admit that there was ever a valid contract providing for liquidated damages. Their tendency was to construe such language as a penalty, so that nothing but actual damages sustained by the party aggrieved could be recovered. They are now more tolerant of such provisions, and are strongly inclined to let parties make their own contracts, and carry out their own intentions, even when it results in the recovery of an amount stated as liquidated damages, upon proof of the violation of the contract and without proof of damages actually sustained. *United States* v. *Bethlehem Steel Co.* (1907), 205 U. S. 105, 51 L. Ed. 731."

Contracts not to engage in a particular business or profession belong to that class of cases which is expressly adapted to stipulation for liquidated damages, because it is practically impossible to fix the exact amount of damages resulting from a breach of the agreement. (For a collection of cases see 59 A.L.R. p. 1135, Annotation.)

It is insisted by appellants that any breach of the contract is to make them, as vendors, liable to pay the sum of $2,250. We do not agree. It does not appear to us that the contract will bear the construction that the damages specified shall be payable for a breach of each separate stipulation of the contract or for a breach of any condition therein contained, but solely on the one condition that appellants "engage in any business similar to the business enterprise which is the subject of this agreement of sale, within a dis-

tance of five (5) blocks of said 29 East Market Street, Indianapolis, Indiana, within a space of five (5) years from date hereof.''

Appellants have urged the application of the rule that where an agreement contains provisions for the performance or non-performance of several acts of different degrees of importance, and a certain sum is stipulated to be paid upon the violation of any or all of such provisions, and it appears that the sum will in some instances be too large and in others too small, the designated sum is to be treated as a penalty and not as liquidated damages. This rule is well established and is recognized by our courts, but obviously has no application to the contract involved here.

We think that the case of *Merica* v. *Burget,* supra, is analagous to the one at bar.

As a further reason for avoiding liability it is contended that appellants have not breached the contract for the reason that they have not engaged in any business *similar* to the business enterprise which was sold to appellee. This issue was submitted to the jury upon proper instructions, and the jury concluded against the appellants. There being sufficient evidence in the record to sustain the finding, we are not permitted to disturb the verdict in this particular. After considering the evidence most favorable to appellee, we deem it unnecessary to enter into a full discussion of what might, under the circumstances, constitute a similar and competitive business to that which was sold to appellee.

It is also contended that the place of business located at 444 Massachusetts Avenue is not within the restricted area as defined by the contract because the distance from 29 East Market Street to 444 Massachusetts Avenue is more than five

blocks as shown by the official map of the city of Indianapolis, together with a "legend" thereon. In disposing of this contention, we think it fair to say that at the time of making the contract the parties had in mind the specific blocks as they actually exist on the earth's surface. It is reasonable and fair to assume that the parties had in mind, at the time of making the contract, the blocks and streets as they actually exist within the territory surrounding the restaurant which was sold to appellee. The official map of the city of Indianapolis which was admitted in evidence discloses the blocks and streets between the two places in question as they existed at the time of the making of the contract, and conclusively show that 444 Massachusetts Avenue is within five blocks of 29 East Market Street, in the city of Indianapolis, Indiana.

The objections urged to certain instructions given and refused present substantially the same questions which we have heretofore discussed.

We hold that the sum named in the contract should be treated as liquidated damages. There is ample evidence to sustain the verdict, and there was no error in instructing the jury.

Judgment affirmed.