MELFI *v.* GRISCER INDUSTRIES, INC.

[No. 20,302. Filed November 14, 1967. Rehearing Denied December 20, 1967. Transfer denied February 21, 1968.]

*Van Horne & Van Horne,* of Auburn, *Mehl, Mehl & Beeson,* of Goshen, for appellant.

*Rothberg, Gallmeyer, Strutz, Fruechtenicht &Logan,* of Fort Wayne, for appellee.

COOK, J.—This was an action brought by the appellant-plaintiff against the appellee by a complaint in four paragraphs.

Paragraph I prayed judgment for unpaid salaries and expenses plus other damages alleged to have been suffered as a result of appellee's breach of a written contract executed by the parties. Paragraph II and Paragraph III were actions on promissory notes given by appellee to appellant pursuant to the terms of the written contract, and Paragraph IV was an action to enforce appellant's rights as a shareholder in appellee corporation.

Appellee filed an answer in six paragraphs, the first four of which were admission and denial. Paragraph 5 was an affirmative answer, alleging a violation of the contract by appellant and a forfeiture of the promissory notes as liquidated damages. Paragraph 6 was a cross-complaint alleging

a breach of said contract by appellant and praying damages in the amount of $50,000.

Appellee correctly states the issues as, "an action in equity between the Appellant and the Appellee to determine their rights under a written agreement."

The cause was submitted to the court for trial without a jury and the court's judgment was as follows:

"The Court having heretofore taken this matter under advisement and having heard the evidence and being duly advised in the premises now finds for the plaintiff upon his amended first paragraph of complaint and that the plaintiff is entitled to recover from the defendant upon said amended first paragraph of complaint the sum of $1,690.00

"The Court further finds against the plaintiff on his additional second, third and fourth paragraphs of complaint and that he take nothing thereby.

"The Court further finds for the defendant upon its fifth affirmative paragraph of answer and against the defendant upon its sixth affirmative paragraph of answer.

"IT IS THEREFORE CONSIDERED, ADJUDGED, DECREED AND ORDERED that the Plaintiff have and recover judgment against the defendant in the sum of $1,690.00 and that the defendant shall pay the costs made and taxed herein in the amount of $————."

The appellant then filed his timely motion for new trial, which included the following specifications:

"1.  Error in the assessment of the amount of recovery, in this, that the amount is too small.

"2.  The decision of the Court is not sustained by sufficient evidence.

"3.  The decision of the Court is contrary to law.

"4.  The Plaintiff was awarded substantially less recovery than the facts in evidence show his actual pecuniary loss to be."

The motion for a new trial was overruled by the trial court, and this appeal follows.

The sole assignment of error is the overruling of appellant's motion for a new trial. Although all of the specifications in-

cluded in the motion for new trial are urged on this appeal, the appellant has consolidated all of the causes into one argument, and we will treat them in the same manner.

Appellant maintains that, as a matter of law, he was entitled to judgment upon his second and third paragraphs of complaint. These were actions upon two separate promissory notes executed by appellee to appellant.

The two notes were executed by appellee and given to appellant pursuant to the written contract of the parties. In order to gain a better understanding of the issues involved, we set out the applicable portions of this contract.

"This agreement is to be between Herbert A. Clemens, Seller and James J. Melfi buyer. Mr. Melfi will represent a group of (3) three buyers including himself.

This Group hereinafter will be refered (sic) to as buyers. The buyers are interested in buying the Capital Stock of the Griser (sic) Industries owned by Herbert A. Clemans, the seller under the following terms:

1. The buyers agree to buy 80 shares (40%) of the Griser (sic) Industries Stock for the sum of $10,000.00 Cash.

2. The buyers agree to loan Griser (sic) Industries $10,000 as working capital as follows—$4000 down covered by a promissory note, and/or $6000 to be paid within 60 days from date of contract, to be covered by a promissary (sic) note.

3. Mr. Melfi is to be employed as Vice President and General Manager for the Griscer Industries at a Salary of $10,000 per year payable as follows at $833.33 per month on the 15th and the 30th of each month, payable semi-monthly at $400.00 with the balance of $16.67 or $33.33 per month to be credited to a back salary account.

5. Mr. Melfi is to diligent (sic) persue (sic) and obtain an additional profitable business for the Griser (sic) Industries amounting to no less than $2000 per month with in approximately eight weeks from the starting date of his full time of active employment.

6. Whenever all old trade creditors are paid in full on or a current 30 day basis and all notes or (sic) satisfied

without the signature and securities of Herbert A. Clemens then Mr. Clemens will sell the remander (sic) 120 shares of authorized capital common stock.

11. In the event the foregoing conditions are not met by the buyers this contract shall be null and void and the money deposited with the seller shall be retained as liquidated damages."

In answer to the second and third paragraphs of appellant's complaint appellee filed its affirmative defense alleging a breach of the contract by appellant and setting out that portion of the contract reading:

"In the event the foregoing conditions are not met by the buyers, this contract shall be void and the money deposited with the seller shall be retained as liquidated damages."

Further, appellee alleged that the promissory notes sued upon represented the money deposited.

Appellant contends that the above quoted provision provides for a forfeiture or penalty, and that accordingly the provision should be declared void as against public policy.

The finding of the trial court that appellant did in fact breach the contract is a finding of fact, and this court will accept the trial court's findings if there is any substantial evidence that the judge could have relied upon. In this case there is an abundance of evidence to this effect, none of which we deem it necessary to discuss in this opinion.

Therefore, we need only determine if the sum provided was in the nature of liquidated damages or a forfeiture, and the consequences thereof.

In determining whether a stipulated sum payable on the breach of a contract is liquidated damages or a penalty, the facts, the intention of the parties and the reasonableness of the stipulation under the circumstances of the case are all to be considered. *Merica* v. *Burget* (1905),

36 Ind. App. 453, 75 N. E. 1083; *Burley Tobacco Society* v. *Gillaspy* (1912), 51 Ind. App. 583, 100 N. E. 89.

We believe it is well settled that "where the sum named is declared to be fixed as liquidated damages, is not greatly disproportionate to the loss that may result from a breach, and the damages are not measurable by an exact pecuniary standard, the sum designated will be deemed to be stipulated damages." *Jaqua* v. *Headington, et al.* (1888), 114 Ind. 309, 310, 16 N. E. 527. See also: *Beiser* v. *Kerr* (1939), 107 Ind. App. 1, 20 N. E. 2d 666.

The actual damages suffered by the appellee as a result of appellant's breach of the contract would be extremely hard to determine with any degree of preciseness. Yet, it cannot be said that the sum of $10,000 as provided in the contract, is unreasonable. In fact, there is direct evidence in the record to indicate that over $9,000 loss suffered by appellee was directly attributable to the conduct of appellant.

Further, the designation by the parties that the sum was to be considered liquidated damages is evidence properly considered in determining the intent of the parties. *Beiser* v. *Kerr*, *supra*.

We must necessarily conclude that the damages specified in the contract were liquidated damages and not a penalty, and should, therefore, be given the meaning and effect contemplated by the parties.

Under the terms of the contract appellant was to "obtain additional profitable business for Griscer Industries amounting to no less than $2000 a month within approximately 8 weeks from the starting date of his full time active employment" and $10,000 working capital was to be loaned by appellant to appellee "within 60 days from date of contract, to be covered by a promissory note."

Appellant deposited the money required under the contract 90 and 122 days after the contract was executed, and appellee

returned promissory notes to him on those dates. Upon these facts, appellant contends that by executing the notes after the eight weeks within which appellant was charged with bringing in the additional business, appellee waived any prior conditions, and the previous transactions of the parties were merged into the notes sued upon.

We find this position untenable. The fact that appellant was late in depositing the money should not excuse him from performing the duties imposed upon him in the contract. To do so would be to allow him to benefit by his own breach of the contract. There is no evidence that appellee intended to waive the conditions of the contract, and appellant is estopped from taking advantage of his own wrong to accomplish this purpose.

In support of his position, appellant relies on *Swank* v. *Nichols' Administrator* (1865), 24 Ind. 199. Swank is distinguishable from this case in that in *Swank* the terms of the original written contract were changed by subsequent oral agreement of the parties, while in the present case, we can find no evidence that appellee assented, either specifically or impliedly, to what the appellant terms a waiver of the condition precedent.

Finally, appellant maintains that the finding and judgment of the trial court is inconsistent.

The appellant was successful on his first paragraph of complaint, only to the extent of expenses legitimately incurred while an employee of appellee for which he was not reimbursed, plus salary accrued and not paid before the date of his discharge. Further, appellee was denied recovery on its cross-complaint of any sum in excess of the amount specified in the contract as liquidated damages. It is difficult for us to see in what manner this renders the judgment inconsistent. It is our opinion that the judgment is consistent within itself, and is sustained by sufficient evidence in the record.

Finding no error in the proceedings below, the judgment is affirmed.

Judgment Affirmed.

Pfaff, C. J. and Smith, J. concur.

Bierly, J., dissents with opinion.

### DISSENTING

BIERLY, J.—I am unable to agree with the majority opinion in this cause, and respectfully dissent therefrom.

Appellant, plaintiff below, filed his complaint of four legal paragraphs in the DeKalb Circuit Court. On plaintiff's amended first paragraph of complaint the trial court entered its finding and judgment in favor of plaintiff in the sum of $1690.00.

The trial court further found against the plaintiff on legal paragraph two, three and four of his complaint that he take nothing thereby.

The substance of appellant's amended first legal paragraph of complaint is as follows; that on January 24, 1961, the plaintiff and defendant entered into a written contract. Plaintiff performed his services to the corporation as set out in the contract, from February 1, 1961, until August 1, 1961, whereupon the defendant discharged him. That during plaintiff's employment with the defendant, plaintiff expended the sum of $1,362.46 in connection with the performance of his services to the defendant, and tendered an itemized statement of such to the defendant. That plaintiff had been paid $4,800.00 for his services, but the defendant refused and failed to perform the remainder of the contract. Plaintiff obtained other employment during 1961 and was paid $1,-945.50 in connection therewith.

The last three rhetorical paragraphs of said amended first legal paragraph of complaint are set out as follows:

"9. By its breach of said contract as aforesaid, the defendant injured the reputation of this plaintiff among the customers of said Griscer Industries and in the business community in which this plaintiff operated, thereby damaging the earning capacity of this plaintiff in the amount of $25,000.00.

"10. By its said breach of said contract, the defendant made it impossible for this plaintiff to purchase the remainder of the capital stock of the defendant corporation to this plaintiff's damage in the sum of $25,000.00,

"Wherefore, plaintiff asks judgment against the defendant in the sum of $60,000.00 and for all other proper relief in the premises."

The trial court further found for the defendant relative to its fifth affirmative paragraph of answer, but against the defendant upon its sixth affirmative paragraph.

The formal judgment was silent in respect to the findings in the foregoing paragraph.

Said formal judgment reads as follows:

"IT IS THEREFORE CONSIDERED, ADJUDGED, DECREED AND ORDERED that the Plaintiff have and recover judgment against the defendant in the sum of $1,690.00 and that the defendant shall pay the costs made and taxed herein in the amount of $————."

The substance of the appellee's fifth affirmative paragraph of answer is as follows: That the contract referred to in plaintiff's complaint contains the following:

"In the event the foregoing conditions are not met by the buyers this contract shall be null and void and the money deposited with the buyer shall be retained as liquidated damages.

"2. That the money deposit to be used as liquidated damages, to be retained by the defendant is the money represented by the aforesaid promissory notes dated, July 24, 1961, for $2,284 and September 22, 1961, for $4,000.

The appellee in said fifth affirmative paragraph of answer alleged:

"3.   That the 'foregoing conditions' in said contract were not performed by the plaintiff, in that:

" (a)   The plaintiff did not diligently pursue and obtain additional profitable business for Griscer Industries amounting to no less than $2,000 a month within approximately eight weeks from the starting date of this full time active employment, and

" (b)   All old trade creditors were not and have not been paid in full or on a current 30-day basis or all notes have not and were not paid or satisfied without the signature or securities of Herbert A. Clemans, and

" (c)   The plaintiff has failed to exercise a reasonable degree of care, skill and judgment in the performance of his duties in said contract.

"WHEREFORE, defendant respectfully prays that the plaintiff take nothing by its complaint, and that the defendant be granted all other proper relief in the premises."

It appears evident, upon an examination of the pleadings, findings and judgment, that the trial court has entered inconsistent findings and judgment. It has, in effect, found for both the plaintiff and defendant on the breach of the written contract. By the court's findings for the defendant on its fifth affirmative paragraph of answer, the defendant is able to retain certain monies advanced to it by the plaintiff, as liquidated damages. But yet the court's actions in finding for the plaintiff on its first amended paragraph of complaint gives the plaintiff $1690.00, apparently on the theory that the defendant had breached the contract in question. This appears to be a legal impossibility, that both the parties were guilty of the breach and both should be awarded damages.

I would also like to note in passing, that the defendant's sixth paragraph of answer alleged substantially identical failures on the plaintiff's part, to perform said contract, as did the fifth paragraph, but yet the trial court found against defendant on this sixth paragraph of answer, but for him on his fifth paragraph. This is inconsistent in itself.

In the case of *National Cash Reg. Co.* v. *Price* (1908), 41 Ind. App. 274, 83 N. E. 776, at page 277, a jury returned a

verdict which amounted to a compromise. The court held in that instance, that:

"Manifestly the verdict found for both the plaintiff and defendant. It could not, therefore, sustain the judgment. . . . The jury fixed the terms of a compromise. This they could not do."

Although in the case at bar I am not concerned with a verdict of the jury, as there was none, a finding of the court and a verdict of a jury are closely related. Both are the basis for the judgment which the court renders.

An earlier case which is applicable to the case at bar is *Baughan et al.* v. *Baughan* (1887), 114 Ind. 73, 15 N. E. 466, (17 N. E. 181 Reh. Denied). In this case the jury returned two verdicts. The first found for the plaintiff in the sum of $800.00; the second found for the defendant on its counter-claim and set-off in the sum of $300.00. The court then rendered judgment for the plaintiff in the sum of $500.00.

The Supreme Court reversed, stating: "The rule is almost elementary which requires that the judgment must follow the verdict."

On rehearing the Supreme Court stated that:

"It is not possible on the face of the verdict to determine what the judgment shall be, for it can not be ascertained whether the jury intended to award a recovery to the plaintiff or to the defendant. If the defendant was entitled to three hundred dollars, as the jury *find*, on his counter-claim, then of course, the plaintiff could not recover; if, on the other hand, the plaintiff was entitled to recover eight hundred dollars—and so the jury *find*—the defendant could not recover anything on his counter-claim."

This is the situation that exists in the case at bar. I can not determine who the trial court found for. Thus, I am of the opinion the case should be reversed. To do otherwise would necessitate our weighing the evidence and substituting our judgment for that of a trial court to determine what the trial

court intended its findings and judgment to be. This, of course, can not be done.

I am of the opinion that the judgment of the trial court should be reversed, and that appellant be granted a new trial.

NOTE.—Reported in 231 N. E. 2d 54.