CZECK ET AL. *v.* VAN HELSLAND ET AL.

[No. 20,678. Filed October 31, 1968. No Petition for Rehearing filed.]

*John W. Montgomery,* and *Montgomery & Zimmerman,* of South Bend, for appellants.

*Joseph G. Ettl* and *Horace B. Clarke,* of South Bend, and *Blachly & Tabor,* of Valparaiso, for appellees.

PER CURIAM.—This is an action brought by the appellants against the appellees, Van Helslands, to recover liquidated and actual damages for said appellees' alleged breach of contract; and against appellee The Abstract Company of St. Joseph County, Inc., as escrow agent; and against appellee, Clarke, its agent.

The contract in question provided for the construction of two roads and provided further that in the event of delay in completion of the roads that the seller-appellees, Van Helsland, would pay liquidated damages in the amount of $5 per day for every day after a certain date. It was stipulated by the parties that the number of days which had elapsed since the date of breach was 1,347 with regard to the East Road and 1,211 with regard to the West Road. Seven hundred dollars was deposited with appellee Clarke to be held in escrow, and to be used for the payment of liquidated damages, if necessary.

The court found for the appellants in the sum of $3,000 and this appeal follows. ("Liquidated damages" amounted to over $12,000 at the time of trial.)

Appellants urge the following specifications of error in their motion for new trial:

a) Error in the assessment of recovery, in this, that the amount is too small.

b) The decision of the court is not sustained by sufficient evidence.

c) The decision of the court is contrary to law.

Appellants claim they were entitled to two things—(1) a road, and (2) a road at a certain time. Thus, the liquidated damages clause, they contend, only applies to number (2), and they are entitled to the actual damages for their damages relating to number (1), plus the liquidated damages relating to number (2).

The major point of contention is whether the contract provided for liquidated damages or a penalty.

The pertinent sections of the contract between the parties are set forth below:

"3. . . . The seller agrees to pay as *liquidated damages* the sum of $5 per day to the buyer for each day accruing after the respective completion dates . . .

4. The seller further covenants and agrees to pay as liquidated damages the sum of $5 per day to the buyer for each day beyond 4 years from the date required for the completion . . . .

5. It is further understood and agreed by the parties hereto *that said escrow and liquidated damages are not in lieu of but supplemental to the rights and remedies of the buyers,* and are not deemed as a waiver of any other rights or remedies available to the buyer. . ." (emphasis added).

Second, even if the contract provided for a penalty, appellants contend they are entitled to actual damages which are, they claim, far in excess of the damages awarded.

We find appellants' contention is without merit.

We are tolerant of provisions within contracts which provide for liquidated damages. However, as we stated in *Beiser v. Kerr* (1939), 107 Ind. App. 1, 20 N. E. 2d 666,

"We recognize the rule that where the sums ought (sic) to be fixed as liquidated damages is grossly disproportionate to the loss which may result from the breach or is unconscionably in excess of the loss sought to be asserted, the courts will treat the sum as a penalty rather than as liquidated damages. ... . Generally speaking, in determining the reasonableness of the amount, the court will take into consideration the relation of the parties, their situation, the absence or presence of fraud or oppression, and the purpose the agreement seeks to subserve."

It was stated in *Sterne v. Fletcher America Co.* (1932), 204 Ind. 35, 181 N. E. 37, that, "(T)he cases are also generally agreed upon the principle that the stipulated sum will not be allowed as liquidated damages unless it may fairly be allowed as compensation for the breach."

Under the tests established in a series of cases dealing with the problem of liquidated damages, we find two central questions must be answered:

1. Does the liquidation provision attempt to secure an amount for the non-breaching party which is reasonably proportionate to the amount of actual damages which will be sustained in the event of a breach?

2. Is the provision for liquidated damages designed to represent the measure of actual damages, or is it an apparent effort to penalize the breaching party, so that the damages will be disproportionate to the actual damages sustained?

In some cases, we will look more favorably at a liquidation provision which does not meet the above two tests, where it appears from all the evidence that a good faith effort was made by both parties to determine a reasonable amount of liquidated damages, when the actual amount was difficult or impossible of ascertainment at the time of the execution of the agreement. *Walker v. Bement* (1911), 50 Ind. App. 645, 94 N. E. 339.

However, such was not the case here. It is apparent that damages could have been determined fairly accurately by a number of methods. Also, the liquidation clause itself has all the earmarks of a penalty provision. In the agreement herein, appellants not only set up a liquidation clause, but also preserved their other remedies. Such a provision is valid, but it puts greater emphasis on the need for a reasonable liquidation clause, which will bear some resemblance to the actual damages. We are unable to find any evidence bearing on the reasonableness of the agreed-to liquidated damages, nor are we able to find any evidence which would indicate the actual damages are impossible or uncertain of ascertainment.

This court cannot, as a matter of law, say that the damages awarded hereunder are unreasonable. The trial court heard the evidence and made its determination, which we herein affirm.

Judgment affirmed.

NOTE.—Reported in 241 N. E. 2d 272.