Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 05 2012, 9:13 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**STEVEN M. BUSH**
**PATRICK B. McEUEN**
Millbranth and Bush
Valparaiso, Indiana

ATTORNEY FOR APPELLEE:

**GEORGE S. IVANCEVICH**
Johnson, Rappa & Ivancevich, LLC
Merrillville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MILAN D. ZAVODNY, Trustee of the Milan D. Zavodny Trust, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 75A03-1110-PL-458 |
| | ) | |
| EVELYN ANN PAVILIONIS TRUST U/W/A, Dated 18 March 1997, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE STARKE CIRCUIT COURT
The Honorable Kim Hall, Judge
Cause No. 75C01-1005-PL-13

**June 5, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Milan Zavodny, trustee of the Milan D. Zavodny Trust, appeals a judgment against him in a real estate foreclosure action. He asserts the trial court should have granted his request for a continuance, should not have awarded liquidated damages as a penalty, and should not have entered judgment against him individually instead of as trustee. We affirm in part, reverse in part, and remand.

## FACTS AND PROCEDURAL HISTORY

In 2009, Zavodny, as trustee of the Milan D. Zavodny Trust, entered into a contract to buy real estate from Evelyn Pavilionis, trustee of the Evelyn Ann Pavilionis Trust (hereinafter "Pavilionis"). The contract established the dates when certain payments were to be made and provided if a payment was not made on the due date, a late payment fee of $100 per day would be assessed. Pavilionis did not receive the third scheduled payment, and brought a foreclosure action. Zavodny, by counsel, answered and counterclaimed. On July 8, 2011, Zavodny's counsel moved to withdraw, and his motion was granted. A bench trial was set for September 12, 2011. On September 9, Zavodny moved for a continuance and the trial court indicated his motion would be heard September 12.

Zavodny appeared for trial *pro se* and requested a continuance so he could obtain new counsel. The judge and Zavodny discussed Zavodny's attempts to acquire new counsel, and after a recess, the judge instructed Pavilionis's counsel to call the first witness. The judge apparently did not explicitly rule on the motion for continuance, and the trial was completed.[1]

---

[1] The motion was therefore deemed denied pursuant to Ind. Trial Rule 53.4(B).

The court ruled Zavodny had defaulted on the contract, so he owed Pavilionis $200,000,[2] a "per diem default amount trustee of the Milan D. Zavodny Trust (in lieu of interest)," (App. at 25), of $100 per day for 430 days as provided in the contract, and costs and post-judgment interest.

## DISCUSSION AND DECISION

1.    Continuance[3]

Under the trial rules, a trial court shall grant a continuance on motion and "a showing of good cause established by affidavit or other evidence." *Gunashekar v. Grose*, 915 N.E.2d 953, 955 (Ind. 2009) (quoting Ind. Trial Rule 53.5).  A decision to grant or deny a motion to continue a trial date is reviewed for an abuse of discretion, and there is a strong presumption the trial court properly exercised its discretion. *Id.*  A denial of a motion for continuance is abuse of discretion only if the movant demonstrated good cause for granting it. *Id.*  A *pro se* litigant is held to the same established rules of procedure that trained counsel is bound to follow. *Id.*

We cannot say the trial court abused its discretion.  The unexpected and untimely withdrawal of counsel does not necessarily entitle a party to a continuance, *Hess v. Hess*, 679

---

[2]  This appears to represent the amount remaining due on the sale price.

[3]  In addition to his argument the trial court should have granted a continuance, Zavodny asserts his attorney's withdrawal did not comply with certain trial rules and provisions of the Rules of Professional Conduct.  As the record does not reflect Zavodny challenged his counsel's withdrawal below, we decline to address that allegation of error. *See Randall v. State*, 455 N.E.2d 916, 922 (Ind. 1983) (issue waived on appeal when appellant did not raise alleged impropriety of prosecutor's activities before the trial court).

3

N.E.2d 153, 154 (Ind. Ct. App. 1997), but denial of a continuance based on the withdrawal of counsel may be error when the moving party is free from fault and his rights are likely to be prejudiced by the denial. *Id.* At the end of the trial, the court noted "if I felt as though somehow you have been taken advantage of today, then I would certainly continue things, [but] to me, it seems very simple." (Tr. at 41.) The judge noted the dispute involved a "relatively simple straight forward two-page contract" with a late payment provision that was "clear, simple, [and] easy to understand." (*Id.*) As Zavodny's rights were not likely prejudiced by the denial of the continuance, we cannot hold the trial court abused its discretion.

## 2. Liquidated Damages

A typical liquidated damages provision provides for the forfeiture of a stated sum of money on breach without proof of damages. *Gershin v. Demming*, 685 N.E.2d 1125, 1127 (Ind. Ct. App. 1997). That is the effect of the provision to which Zavodny and Pavilionis agreed when they entered into the contract before us. It provides if Zavodny did not make a payment by the due date, "a late payment fee of one hundred dollars ($100.00) per day shall be charged for each and every day the payment is late."[4] (Plaintiff's Ex. 5.)

Liquidated damages provisions are generally enforceable where the nature of the agreement is such that when a breach occurs the resulting damages would be uncertain and

---

[4] The contract was drafted by Pavilionis's counsel, but Zavodny testified he thought that attorney was his counsel too. Nevertheless, Zavodny did not testify that he did not understand the damages provision of the contract.

4

difficult to ascertain. *Gershin,* 685 N.E.2d at 1127. We are tolerant of contract provisions that provide for liquidated damages, but the stipulated sum will not be allowed as liquidated damages unless it may fairly be allowed as compensation for the breach. *Id*. at 1127-28. A party seeking to enforce a liquidated damages clause need not prove actual damages, but may be required to show a correlation between the liquidated damages and actual damages in order to assure that a sum charged may fairly be attributed to the breach. *Corvee, Inc. v. French*, 943 N.E.2d 844, 847 (Ind. Ct. App. 2011).

Where the sum stipulated in the agreement is not greatly disproportionate to the loss likely to occur, the provision will be accepted as a liquidated damages clause and not as a penalty, *Gershin,* 685 N.E.2d at 1128, but where the sum sought to be fixed as liquidated damages is grossly disproportionate to the loss that may result from the breach, we treat the sum as an impermissible penalty. *Id*.

In determining whether a stipulated sum payable on a breach of contract amounts to liquidated damages or a penalty, we consider the facts, the intention of the parties, and the reasonableness of the stipulation under the circumstances of the case. *Id*. The distinction between a penalty provision and one for liquidated damages is that a penalty is imposed to secure performance of the contract and liquidated damages are to be paid in lieu of performance. *Id*. Whether a liquidated damages clause is valid is a question of law for the court. *Id*.

In *Corvee*, French signed a document that provided:

5

[I]f the hospital must initiate collection efforts to recover amounts owed by you, then in addition to amounts incurred for the services rendered you will pay: (1) any and all costs incurred by the hospital in pursuing collection, including, but not limited to, reasonable attorneys' fees, and (b) any court costs or other costs of litigation incurred by the hospital that applicable rules or statutes permit the hospital to recover. I also acknowledge that I am responsible for reasonable interest, collection fees, attorney fees of the greater of a) forty percent (40%) or b) $300.00 of the outstanding balance, and/or court costs incurred in connection with any attempt to collect amounts I may owe.

943 N.E.2d at 845.

French was billed $8,500 and he did not pay. Corvee, a collection agency, sued French and sought to recover $3,400 in attorney fees, or forty percent of $8,500. The trial court awarded Corvee $1,000 in attorney fees because Corvee's attorney fees affidavit had no information regarding the amount of time spent on the case, hourly billing rates, or any information as to how much Corvee actually was billed by its attorney; it stated only that the contract French executed required the payment of $3,400 in attorney fees.

We affirmed:

There is no evidence in this case that Corvee actually incurred attorney fees of $3,400 in attempting to collect this debt from French. To allow Corvee to recover that amount in the absence of such evidence gives rise to the possibility that it will enjoy a windfall at French's expense, or that it will recover more from French than the outstanding account balance and the necessary costs Corvee actually incurred in collecting it. Collection actions should permit creditors to recover that to which they are rightfully entitled to make themselves whole, and no more. The trial court correctly refused to enforce the forty percent attorney fees provision.

*Id.* at 848 (footnotes omitted).

6

Zavodny notes the contract provided Pavilionis would retain exclusive possession of the real estate and would not surrender any ownership rights until the contract was paid in full.[5] The damages provision, Zavodny argues, therefore has no relation to the damages sought, and is grossly disproportionate to any losses Pavilionis actually suffered. Pavilionis notes the parties agreed to the provision and the contract included no provision for interest or attorneys fees in the event of Zavodny's default, but offers no explanation as to how Pavilionis sustained damages as a result of Zavodny's breach or why the penalty was not grossly disproportionate to any losses Pavilionis might have suffered.

In the agreement before us, Pavilionis did not "show a correlation between the liquidated damages and actual damages in order to assure that a sum charged may fairly be attributed to the breach." *Corvee*, 943 N.E.2d at 847. As the sum sought to be fixed as liquidated damages appears grossly disproportionate to the loss that might result from breach, it is an impermissible penalty. We accordingly reverse the trial court on that ground.

### 3. Trustee Status

Ind. Code § 30-4-3-10 provides in part that unless the terms of a contract expressly provide otherwise, a trustee is not personally liable on a contract with a third person made in the administration of the trust. Zavodny notes the complaint was brought against "Milan Zavodny, Trustee of the Declaration of Trust of the Milan D Zavodny Trust," (App. at 15),

---

[5] The contract did provide Zavodny could "come on the premises during the grass growing season to keep the lawn mowed." (Plaintiff's Ex. 5.)

7

and not against Zavodny personally. Therefore, he asserts, he should not have been held personally liable for the debt created by the contract and it was plain error to enter the judgment against him personally. Pavilionis appears to concede the judgment should not have been against Zavodny individually. It characterizes this as a "scrivener's error," (Appellee's Response Br. at 9), that can be corrected by an amended judgment. We agree and remand for correction of the order to reflect entry of judgment against Zavodny as trustee of the Milan D. Zavodny Trust.

## CONCLUSION

The trial court did not abuse its discretion in denying Zavodny's request for a continuance, but it erred in awarding Pavilionis $43,000 in damages pursuant to the contractual provision for a fee of $100 for every day a payment is late. We therefore affirm in part, reverse in part, and remand for a determination of Pavilionis's actual damages, if any, and a determination whether, in light if Pavilionis's actual damages, prejudgment interest should be awarded.

Affirmed in part, reversed in part, and remanded.

CRONE, J., and BROWN, J., concur.