Riley, Judge, concurring in part and dissenting in part.
*596 [64] I agree with the majority's decision that the HWC Parties are not entitled to summary judgment with respect to ASI's claims of tortious interference and breach of contract. Therefore, I concur with respect to these issues. However, I respectfully dissent from the majority's determination that the trial court erroneously granted summary judgment to the HWC Parties on ASI's claims for liquidated damages.
[65] In this case, the trial court determined that the liquidated damages clauses in each of the employment contracts are unenforceable as a matter of law, in part, because the liquidated damages sought by ASI are disproportionate and not reasonably related to expected actual damages. Thus, the trial court concluded that the liquidated damages provisions in each of the three employment agreements at issue should be considered a penalty designed to force compliance with the contracts. I agree.
[66] It is well established that "where the liquidated damages are 'grossly disproportionate to the loss which may result from the breach or [are] unconscionably in excess of the loss sought to be asserted, [we] will treat the sum as a[n] [unenforceable] penalty rather than as liquidated damages.' " Art Country Squire, L.L.C. v. Inland Mortg. Corp. , 745 N.E.2d 885, 891 (Ind. Ct. App. 2001) (alterations in original). The party seeking to enforce the liquidated damages provision bears the burden of demonstrating "some proportionality between the loss and the sum established as liquidated damages." Weinreb v. Fannie Mae , 993 N.E.2d 223, 234 (Ind. Ct. App. 2013), trans. denied . Furthermore, our court has determined that while "a party who seeks to enforce a liquidated damages clause need not prove actual damages," it "may be required to show a correlation between the liquidated damages and actual damages in order to assure that a sum charged may fairly be attributed to the breach." Harbours Condo. Ass'n v. Hudson , 852 N.E.2d 985, 993 (Ind. Ct. App. 2006).
[67] I find that ASI has failed to meet its burden of establishing a correlation between the amount of liquidated damages it seeks and any actual loss. Liquidated damages must be designed to compensate for the actual damages likely to result from a breach, not to create a burden that necessarily compels compliance with a contract. See Gershin v. Demming , 685 N.E.2d 1125, 1128 (Ind. Ct. App. 1997). Regarding the employees who were allegedly recruited in violation of employment agreements, ASI argues that it lost seven valuable employees but did not otherwise specify how it had financially suffered. During the hearing, ASI indicated that it incurred expenses in recruiting and training new employees, but it did not quantify these costs. ASI also pointed out that its employees who joined HWC had billed a total revenue of $1,047,045 for ASI in their last year of employment, but ASI gave no indication that it was unable to find replacement employees with the same qualifications and billing capacity or that it expected to lose any revenue as a result of the HWC Parties' recruitment efforts. Essentially, ASI's evidence of loss amounts to the cost of employee turnover that may be expected in any competitive market. While I do not disagree that hiring seven new employees with the same skill set and earning potential would result in certain costs, any loss that may have resulted due to a breach of the employment contracts is clearly grossly *597 disproportionate to the $687,351.79 sought in liquidated damages.
[68] Moreover, any argument that the liquidated damages provisions are reasonable is diminished by the fact that ASI has identified the same employee's recruitment as a violation of multiple employment agreements. To illustrate, ASI has indicated that it is entitled to liquidated damages of 150% of Lancet's salary because he was purportedly recruited in violation of both the Knowles and Day Agreements. Similarly, Mobley, Clinton Graham, Melissa Walker, and Amber Tolle were allegedly recruited in violation of the Knowles, Day, and Lancet Agreements; thus, ASI essentially seeks 250% of their respective salaries in liquidated damages from the HWC Parties. Again, this is grossly disproportionate to any anticipated actual loss. Moreover, to hold any of the above individuals accountable for paying such substantial sums of money in the event he breached his employment contract is a clear attempt to compel performance of the contract, which constitutes a penalty.
[69] As for Knowles' purported violations of his non-compete restrictions involving the solicitation of ASI clients, I again find no correlation between 45% of the solicited client's previously billed fees and ASI's "pre-estimate[d] loss" for a breach. Merrillville Conservancy Dist. ex rel. Bd. of Dirs. v. Atlas Excavating, Inc. , 764 N.E.2d 718, 725 (Ind. Ct. App. 2002). Considering the specific facts of this case, especially the nature of the bidding process for civil engineering contracts, the award of a contract to HWC did not simultaneously equate to a loss of work for ASI. The evidence establishes that it is standard in the industry for one client to utilize multiple civil engineering firms, even on the same project. Both HWC and ASI provide services for public and private clients that award multi-million-dollar contracts, such as, for example, INDOT. The HWC Parties note evidence that ASI's relevant "trailing [twelve]-month revenue with INDOT [totaled] approximately $5,000,000." (Appellees' Br. p. 18). The HWC Parties also point out that HWC was awarded two contracts from INDOT in the year following Knowles' departure from ASI, for both of which ASI was not eligible because of its other INDOT contracts. One of the INDOT contracts awarded to HWC was for $198,350 while the other had a cap of $1,000,000. Yet, based on the language of the liquidated damages provision, Knowles would be responsible for paying $4,500,000 (45% of $5,000,000 for each breach) to ASI for this client alone. This is more than double the amount of the contracts that HWC was awarded and in spite of evidence that ASI was not eligible to receive these contracts. Thus, the liquidated damages provision fails to set forth a reasonable estimate of ASI's actual anticipated loss and is penal in nature.
[70] Accordingly, the liquidated damages clauses at issue are clearly intended to operate as punishment for a breach of the employment contracts rather than as a reasonable estimation of ASI's actual damages. Therefore, I would hold that the liquidated damages clauses in each of the agreements at issue are unenforceable as a matter of law.[6] The trial court properly granted summary judgment to the HWC Parties on this issue, and I would affirm in all respects.

However, this holding would not extinguish ASI's claim for actual damages in the event that a breach of contract is established. See Hahn v. Drees, Perugini & Co. , 581 N.E.2d 457, 463 (Ind. Ct. App. 1991).